UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASEY ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-2103 |
| | ) |
| BISON PROPERTIES LLC, ARDEN JOHNSON, and HAL HEYER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Casey Arnold ("Arnold") brings this action against Defendant Bison Properties LLC ("Bison"), Arden Johnson ("Johnson"), and Hal Heyer ("Heyer") (collectively "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. Arnold also brings this action against Bison alleging breach of contract and violations of the Indiana Wage Payment Statute, Indiana Code §22-2-5.

## PARTIES

1. Arnold is an individual who resides in Hamilton County, Indiana. He was employed by Defendants within the meaning of the FLSA within the three year period preceding the filing of this complaint. At all times hereinafter mentioned, Arnold was an individual employee who was engaged in commerce as required by 29 U.S.C. §206.

2. Bison is an Indiana limited liability company with its principle place of business in Noblesville, IN. Bison is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

3. Johnson is the President and an owner of Bison. In this capacity, Johnson exercised operational control over Bison, controlled significant business functions of Bison,

determined employee pay and made hiring decisions, and acted on behalf of and in the interest of Bison in devising, directing, implementing, and supervising the practices and policies relating to the payment of Arnold's wages.   As such, Johnson is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

4. Heyer is an owner of Bison.   In this capacity, Heyer exercised operational control over Bison, controlled significant business functions of Bison, determined employee pay and made hiring decisions, and acted on behalf of and in the interest of Bison in devising, directing, implementing, and supervising the practices and policies relating to the payment of Arnold's wages.   As such, Heyer is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Arnold has asserted a claim arising under federal law.   This Court has supplemental jurisdiction over Arnold's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391 because Bison is located in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(a) of the FLSA, 29 U.S.C. §203(s)(1)(a).   Furthermore, Defendants' annual gross sales

and or business done exceeds $500,000.00

## FACTS

9. Arnold began his employment with Defendants in or about July or August 2019.

10. Defendants agreed to pay Arnold an annual salary of $200,000.00 to be paid on a bimonthly basis on the fifteenth and thirtieth of each month.

11. In or about mid-March 2020, Defendants unilaterally changed this agreement to an annual salary of $150,000.00 to be paid on a bi-monthly basis plus a quarterly payment of $12,500.00.

12. Defendants did not compensate Arnold as agreed. In fact, for long periods of time, Defendants did not pay Arnold at all for the work he performed.

13. To wit, Arnold was paid wages by Defendants on the following dates: February 4, 2020; February 18, 2020; May 18, 2020; June 1, 2020; June 8, 2020; June 15, 2020; June 30, 2020; July 16, 2020; July 17, 2020; July 30, 2020; August 18, 2020; December 18, 2020; February 17, 2021; and March 17, 2021.

14. Additionally, Defendants agreed to pay Arnold $25,000.00 on December 3, 2020. Said payment was never made.

15. Arnold terminated his employment with Defendants effective May 15, 2021.

## CAUSES OF ACTION

### COUNT I – FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Arnold hereby incorporates by reference paragraphs 1-15 of his Complaint.

17. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §§203 and 206 by employing Arnold in an enterprise engaged in commerce or in the production

of goods for commerce within the meaning of the FLSA without properly compensating him for his employment.

18. Defendant has acted willfully in failing to pay Arnold in accordance with the law.

## COUNT II - FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

19. Arnold hereby incorporates by reference paragraphs 1-14 of his Complaint.

20. During the relevant time period, Bison violated the provisions of Indiana Code §22-2-5 et seq. by failing to pay all wages earned by Arnold.

21. Bison has acted willfully in failing to pay Arnold in accordance with the law.

## COUNT III – BREACH OF CONTRACT

22. Arnold hereby incorporates by reference paragraphs 1-14 of his Complaint.

23. Bison entered into contractual agreements with Arnold regarding the payment of compensation to Arnold in exchange for services to be performed by Arnold.

24. Arnold performed the agreed-upon services to the benefit of Bison pursuant to the contractual agreements.

25. Bison breached the contractual agreements by failing to pay to Arnold the agreed-upon compensation pursuant to the terms of the parties' contractual agreements.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Casey Arnold respectfully requests that this Court enter judgment in his favor and provide him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid minimum wages due to Arnold and for liquidated damages equal in amount to the unpaid minimum wages found due to Arnold;

      b.      An Order pursuant to Indiana Code §22-2-5 finding Bison liable for unpaid wages due to Arnold and for liquidated damages equal to two (2) times the amount of wages found due to Arnold;

      c.      An Order finding Bison liable for unpaid compensation due to Arnold pursuant to the contracts between Bison and Arnold;

      d.      An Order awarding Arnold the costs of this action;

      e.      An Order awarding Arnold his attorney's fees;

      f.      An Order awarding Arnold pre-judgment and post-judgment interest at the highest rates allowed by law; and

      g.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:    (317) 616-3671
E-Mail:    ajones@andrewgjoneslaw.com

Attorney for Plaintiff